IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD STOCKTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:24-CV-39 |
| ) | |
| **CENTURION STEVEN WHEELER, et al,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM ORDER**

Plaintiff, acting pro se, initiated this action by filing a motion seeking leave to proceed in forma pauperis on February 13, 2024. By Order dated October 6, 2025, Plaintiff was directed to either (1) file an amended motion for leave to proceed in forma pauperis showing imminent danger OR (2) pay the full filing fee by November 6, 2025. ECF No. 33. A copy of this Order was mailed to Plaintiff at his address of record at SCI Fayette. No mail has been returned at this docket number.[1] As of today's date, Plaintiff has not filed an amended motion seeking leave to proceed in forma pauperis nor has he paid the filing fee.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) *quoting Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad

---

[1] However, this Court is aware that mail addressed to Plaintiff at SCI Fayette has been returned in other cases. It is Plaintiff's ongoing obligation to provide this Court with his current address.

1

faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.*, quoting *Poulis*, 747 F.2d at 868.

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. The Court ordered Mr. Stockton to pay the filing fee or file an amended motion seeking in forma pauperis status by November 6, 2025. He has not complied with the Order.

Mr. Stockton is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of his claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate with parties like Mr. Stockton who is incarcerated and who professes to be indigent. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). This Court finds that these two *Poulis* factors weigh in favor of dismissal based on Mr. Stockton's failure to prosecute.

The meritoriousness of Mr. Stockton's claims is a neutral factor in the *Poulis* analysis. In this case, the sixth of twenty-four cases he filed in this Court last year, he brings claims of "conspiracy to retaliation for filing complaint, grievances, etc.; defamation of character; failure to treat a [illegible] illness; Date Instruction; violation of American Disabilities Act; breach of contract; fraud; [and] failure to protect." ECF No. 8, p. 2. He alleges that he was refused a change to a psychiatric diagnosis that he claims was documented in 2005, and therefore denied appropriate treatment in retaliation for filing grievance and PREA complaints against Department of Corrections' employees. He also alleges that his mental health code was manipulated to justify housing him in a Restricted Housing Unit after the issuance of misconducts which he claims "tainted" his ability to gain parole. Finally, he claims that because his medical and psychological sessions are recorded with a handheld camera, his statutory rights

2

under HIPPA were violated. He has named thirteen Defendants and seeks millions of dollars in damages as well as injunctive relief. Although it is possible that these allegations could state a claim upon which relief could ultimately be granted, the merits of the claims are impossible to determine at this stage of the proceedings (based solely on his pro se complaint) and so this factor is neutral. The other two *Poulis* factors (the history of dilatoriness and whether the conduct was willful or in bad faith) are also neutral as this case is in its infancy procedurally[2] and there is no basis upon which to make any such findings.

So then, two of the six *Poulis* factors weigh in favor of dismissal, while four of the six are neutral. None of the factors weigh against dismissal. Not all of the six *Poulis* factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Mr. Stockton's resolution of the filing fee, the case cannot proceed. Accordingly, this case will be dismissed due to his failure to prosecute and the Clerk of Court is directed to mark this case closed.

s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States District Judge

Dated: December 9, 2025

---

[2] This case remains in its infancy procedurally for a variety of reasons, despite being initiated over eighteen months ago.